UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES B. BROWN, | ) | Case No.: 1:10 CV 805 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendant | ) | ORDER |

This is an action for judicial review of the Administrative Law Judge's ("ALJ") decision, denying Plaintiff Charles B. Brown ("Plaintiff") claims for Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§416(i), 423, 1381, *et seq*. On August 25, 2008, the ALJ determined that Plaintiff was not disabled under the Act and was able to perform a number of jobs in the national economy.

On April 16, 2010, Plaintiff filed this Complaint against the Commissioner of Social Security ("Defendant" or "Commissioner"). (ECF No. 1.) The court referred this case to Magistrate Judge Greg White ("Judge White") for preparation of a Report and Recommendation. On February 3, 2011, Judge White issued his Report and Recommendation, recommending that the final decision of the Commissioner be affirmed. (ECF No. 16.) As of this date, Plaintiff has not filed any

Objections to the Report and Recommendation.[1]

## I. LEGAL ANALYSIS

To receive disability benefits, a claimant must show that he or she is disabled pursuant to the Social Security Act. 42 U.S.C. §423(a)(1)(D). *See Buxton v. Halter*, 246 F.3d 762, 771 (6th Cir. 2001). In reviewing an ALJ's decision of Social Security benefits eligibility, a court "is limited to determining whether there is 'substantial evidence' in the record to support the ALJ decision and whether the ALJ applied the proper legal standards." *Deaton v. Comm'r of Soc. Sec.*, 315 F. Appx. 595, 597 (6th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). This analysis affords the ALJ a certain amount of latitude and assumes that there is a "zone of choice" for an ALJ to make the determination for social security eligibility without judicial interference. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). An ALJ's findings should not be reversed just because the evidence on the record may support a different conclusion. *Buxton*, 246 F.3d at 772. Thus, an ALJ's decision "must be affirmed if the [ALJ's] findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision." *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003).

The ALJ found that Plaintiff had established medically determinable, severe impairments,

---

[1] Objections to Judge White's Report and Recommendation were due fourteen (14) days after Plaintiff was served a copy of her Report and Recommendation. (*See* ECF No. 16.) As of the date of this Order, Plaintiff has not filed objections to the Report and Recommendation. By failing to do so, she has waived the right to appeal Judge White's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

due to bipolar disorder, obsessive-compulsive disorder, panic disorder, and post-traumatic stress disorder. Yet the ALJ determined that these impairments and disorders did not meet or equal, when combined, impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App 1. While the ALJ found Plaintiff incapable of performing her past work activities as an inspector in a car plant, the ALJ concluded that Plaintiff is "capable of performing low stress, simple, repetitive and entry level work tasks where contact with the public is incidental to the work performed." (ALJ Record, 13.)

In her Complaint, Plaintiff alleges that the ALJ's decision is erroneous because the ALJ: (1) failed to consider relevant testimony and evidence in calculating her Residual Functional Capacity ("RFC"); (2) rejected the opinion of a state agency physician; and (3) relied on the Vocational Expert's ("VE") testimony regarding the term "low stress" which does not reflect Plaintiff's condition.

### A. RFC Calculation

To determine whether Plaintiff is entitled to benefits, Plaintiff must meet two requirements. First, Plaintiff must establish that she suffers from a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve (12) months. Second, Plaintiff must show that her impairments prevent her from obtaining substantial gainful employment. 42 U.S.C. §§ 423(d)(1)(A), (2)(A), 1382c(a)(3)(A), (3)(B). Plaintiff's RFC is a measure of her capabilities despite the limitations created by her impairments and is used in the assessment of her claims. 20 C.F.R. §§404.1545.

Plaintiff argues that, in the assessment of her RFC, the ALJ failed to consider her two "unsuccessful work attempts" as a general laborer working on a production line during the period between her onset date of disability and the date of the administrative hearing. (ECF No. 12.)

Plaintiff states that she could not maintain her job as a general laborer due to her anxiety and need to take frequent trips to the restroom. (*Id.* at 5.) Plaintiff reasons that the occupation of a general laborer falls under the ALJ's description of her RFC, because this job constitutes an "entry level, repetitive work." (*Id.* at 6.) Plaintiff concludes that her inability to obtain the type of employment described by her RFC undermine the ALJ's determination that she can perform such tasks. (*Id.*)

Judge White found that the ALJ's conclusion regarding Plaintiff's RFC was substantially supported by evidence on the record, specifically Plaintiff's psychological evaluation, her work activity questionnaire, and the overall medical evidence. (ECF No. 16.) Further, Judge White determined that the significance of Plaintiff's "unsuccessful work attempts" is relevant to the determination of whether or not Plaintiff was engaged in substantial gainful employment during the period of her disability. (*Id.*) The court agrees that Plaintiff's two "unsuccessful work attempts" are pertinent to Plaintiff's past relevant work experience, *see Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir.2010), but do not undermine the substantial evidence on the record that supports the ALJ's conclusion that Plaintiff can engage in a number of jobs in the national economy. The court acknowledges that there may be a logical connection between a claimant's inability to keep a particular type of job and the range of work she may obtain in the national economy. However, the ALJ considered this in his determination when he restricted Plaintiff from engaging in production-line work and concluded that she could engage in low stress, simple, repetitive and entry level work. (ALJ Record, 13.) Because a reasonable mind could accept as adequate the evidence on the record to support the ALJ's conclusion, *see Richardson*, 402 U.S. at 401, the Commissioner's decision is affirmed.

B. Opinion of State Agency Physician

- 4 -

Plaintiff argues that the ALJ erred by rejecting a state agency psychological consultant's consideration that, when she worked as a general laborer, Plaintiff needed the help of a co-worker to aid her in her work "at least somewhat, on a temporary basis." (ECF No. 12, at 6.)

Judge White determined that the state agency psychological consultant's opinion does not prohibit Plaintiff from performing all types of work unless she has assistance. Judge White found that the ALJ took into account that Plaintiff would need aid as a general laborer by concluding that Plaintiff could perform other types of work that are low stress, simple, and repetitive. (ECF No. 16.) The court agrees with Judge White's recommendation. The ALJ has a "zone of choice" when he weighs evidence to make a determination for social security eligibility, *Mullen*, 800 F.2d at 545, and the court should not disturb this determination when the record supports the ALJ's conclusion. *See Buxton*, 246 F.3d at 772. The record here supports the ALJ's determination regarding Plaintiff's claims.

### C. Low Stress

Finally, Plaintiff argues that, in determining Plaintiff's RFC, the ALJ improperly relied on the VE's testimony that Plaintiff could preform "low stress" work because "low stress" is not "an adequate description for someone with the problems experienced by [Plaintiff]." (ECF No. 12, 7-8.) Plaintiff contends that she experiences stress by "simply leaving her house, or being in a parking lot, or being around co-workers or others with whom she is unfamiliar." (*Id*. at 8.)

Judge White determined that the ALJ considered other factors for Plaintiff's RFC, other than "low stress," including her ability to perform work that was "simple," "repetitive," and "entry-level". (ECF No. 13.) Further, Judge White stated that the ALJ properly rejected Plaintiff's "subjective complaints" regarding her impairments because she did not seek treatment for any of

her disorders. (*Id*. (citing *Stanley v. Sec'y Health & Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994)). The court agrees. While Plaintiff may experience some degree of stress that affects her ability to function within her community, she did testify that she goes outside of her home everyday, that she attends church, and that she enjoys going to the library. These statements contradict Plaintiff's assertion that she is stressed by "simply leaving her house". (ALJ Tr. 162-63.) An ALJ has the authority to discount a claimant's allegations of her symptoms if these symptoms are contradicted by evidence in the record. *See Stanley*, 39 F. 3d at 118. Given the evidence in the record and the discrepancies in Plaintiff's statements on her limitations due to stress, the ALJ did not err when he adopted the VE's suggestion that Plaintiff can preform "low stress" jobs that are "simple," "repetitive," and "entry-level." The court adopts Judge White's recommendation to affirm the Commissioner's decision.

## II. CONCLUSION

For the foregoing reasons, the court adopts Judge White's Report and Recommendation in its entirety. (ECF No. 16.) Accordingly, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

April 29, 2011